**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Travis Clay Andersen, | Case No. 26-cv-2845 (JMB/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Lisa Stenseth, MCF-RC Warden; and Paul Schnell, MN DOC Commissioner, | |
| Respondents. | |

This matter is before the undersigned U.S. Magistrate Judge under 28 U.S.C. § 636 and on Petitioner Travis Clay Andersen's Petition for Writ of Habeas Corpus (Petition [Docket No. 1]). For the following reasons, the Court recommends denying the Petition and dismissing this action.

Almost two decades ago, petitioner Travis Clay Andersen entered an Alford plea[1] in state court to one count of misdemeanor fifth-degree assault. See Andersen v. State, No. A25-0392, 2025 WL 3441427, at *1 (Minn. Ct. App. Dec. 1, 2025). Petitioner was sentenced to a term of probation, from which Petitioner was discharged in 2008. See Id. Many years later, Petitioner was found guilty of aggravated harassment. See Minnesota v. Andersen, Case No. 10-CR-22-167 (Minn. Dist. Ct.). Petitioner believes that the older assault conviction was used to enhance the sentence imposed for the more recent harassment conviction, and he would now like to revisit the circumstances of the older assault conviction. (See Petition [Docket No. 1]).

Thus, more than sixteen years after the term of probation for the misdemeanor assault conviction terminated, Petitioner sought postconviction relief in state court challenging the validity of the assault conviction. See Andersen, 2025 WL 3441427, at *1–3. The petition for

---

[1] See North Carolina v. Alford, 400 U.S. 25, 238 (1970).

postconviction relief was very obviously untimely, see Minn. Stat. § 590.01, subd. 4, and the petition was rejected by the state courts accordingly, see Andersen, 2025 WL 3441427, at *1–3.

Having failed to procure relief in state court, Petitioner now turns to federal court with a petition for a writ of habeas corpus seeking to attack the validity of the old assault conviction. That habeas petition is before the Court on preservice review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The same obstacle that Petitioner faced in state court, lack of timeliness, also blocks his path to relief in federal court. Under 28 U.S.C. § 2244(d)(1),

> [a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In the present case, subsections (B), (C), and (D) do not apply. State action did not bar Petitioner from seeking habeas corpus relief in federal court. Petitioner's claims for relief do not rely upon a constitutional right that was only recently recognized by the Supreme Court. The claims do not depend upon a factual predicate that only recently could have been discovered;

everything about the claims would have been, or at a minimum could have been with reasonable diligence, known to Petitioner at the time of the events at issue.[2]

Because subsections (B), (C), or (D) do not establish the starting date for the limitations period, subsection (A) does. The one-year limitations period for Petitioner to seek habeas relief therefore began to run after Petitioner's conviction became final in 2007, after the appeals deadline passed without Petitioner having filed a direct appeal from his conviction or sentence. That limitations period then ended one year later in 2008. The habeas petition in this matter, which was filed in 2026, obviously came far after the limitations period established by § 2244(d)(1)(A) had expired.

Lack of timeliness is a sufficient basis upon which to deny the petition, but Petitioner also faces an even more fundamental barrier to seeking habeas corpus relief. Habeas corpus may be invoked in federal court only by persons who are "in custody." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a).

Petitioner fails to satisfy this "in custody" requirement. Certainly, Petitioner is in custody in a literal sense; he is serving a very lengthy prison sentence as a result of multiple convictions in state court incurred over the past few years. But the statutory "in custody" requirement requires more of habeas petitioners than merely happening to be detained at the moment the petition was filed. To satisfy the "in custody" requirement, the petitioner must instead be "'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490–91 (1989) (per curiam) (emphasis added). Petitioner is not in custody under the

---

[2] The gist of the habeas petition is that Petitioner had only thought that he had entered an Alford plea to a different offense that was pending against him at the time, and he did not realize the older conviction existed until the new criminal proceedings against him commenced. It is extraordinarily doubtful that Petitioner did not know much sooner about the earlier conviction. See Andersen, 2025 WL 3441427, at *3 (outlining evidence of actual knowledge). But even if Petitioner did not know about the conviction until years later, he most certainly could have known about it, had he exercised reasonable diligence.

3

conviction or sentence under attack in this petition. The term of probation imposed for that misdemeanor conviction ended many, many years ago. The conviction has now passed beyond the point where a federal court may exercise habeas review over it. This would remain true even if the statute of limitations were no longer a barrier to relief. A writ of habeas corpus effects freedom from custody, and Petitioner's term of custody for the conviction at issue long ago ended. There is no purpose left for habeas corpus to serve with respect to that conviction.

Accordingly, the habeas petition should be denied. Moreover, this Court does not believe that the procedural grounds on which denial of the petition has been recommended are points of reasonable dispute, and therefore it is further recommended that Petitioner not be granted a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Travis Clay Andersen, [Docket No. 1], be **DENIED**; and

2. No certificate of appealability be issued.


Dated: June 5, 2026                         s/Leo I. Brisbois
                                            Hon. Leo I. Brisbois
                                            United States Magistrate Judge


**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the

4

Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. <u>See</u> Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).